2011 UT App 289

**STATE of Utah, Plaintiff and Appellee,**

v.

**Mario Alberto GARCIA, Defendant and Appellant.**

**No. 20100860–CA.**

Court of Appeals of Utah.

Aug. 25, 2011.

Jacqueline R. Hopkinson and Brenda M. Viera, Salt Lake City, for Appellant.

Mark L. Shurtleff and Ryan D. Tenney, Salt Lake City, for Appellee.

Before Judges DAVIS, THORNE, and ROTH.

## MEMORANDUM DECISION

DAVIS, Presiding Judge:

¶ 1 Mario Alberto Garcia appeals from the trial court's decision to impose consecutive sentences on two class A misdemeanor charges, arguing that the trial court failed to consider all of the statutorily required factors. We affirm.

¶ 2 "The trial court has substantial discretion in conducting sentencing hearings and imposing a sentence, and we will in general overturn the trial court's sentencing decisions only if we find an abuse of discretion." *State v. Patience*, 944 P.2d 381, 389 (Utah Ct.App.1997) (citations omitted).

[T]he appellate court can properly find abuse only if it can be said that no reasonable [person] would take the view adopted by the trial court. Additionally, [t]his discretion is not to be surrendered to a mathematical formula by which numbers of circumstances rather than weight of circumstances are determinative. The overriding consideration is that the sentence be just.

*State v. Wright*, 893 P.2d 1113, 1120–21 (Utah Ct.App.1995) (alterations in original) (citation and internal quotation marks omitted).

¶ 3 The decision to impose concurrent versus consecutive sentences is guided by Utah Code section 76–3–401. *See* Utah Code Ann. § 76–3–401 (2008). "In determining whether state offenses are to run concurrently or consecutively, the court shall consider the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." *Id.* § 76–3–401(2); *see also id.* § 76–3–401(11) ("This section may not be construed to limit the authority of a court to impose consecutive sentences in misdemeanor cases."). "We must ... defer to the trial court's judgment [of whether to impose consecutive sentences] absent a showing by defendant that the trial court failed to consider the appropriate [statutory] factors." *State v. Helms*, 2002 UT 12, ¶ 15, 40 P.3d 626.

¶ 4 The crux of Garcia's argument is that the trial court did not give adequate weight to his "mitigating circumstances"—namely, his youth (twenty at the time of the offense) and "his apparent lack of any prior criminal history"—and instead "imposed consecutive sentences citing only to Mr. Garcia's need for treatment and the danger the offenses posed to the community." At sentencing, Garcia requested thirty days of jail time and that he then be released for deportation. The trial court imposed, but suspended in full, two consecutive 365–day terms and sentenced Garcia to an additional thirty days of jail time on top of the approximately eighty days he had already served. Fines and deportation were also ordered. In sentencing Garcia, the court stated, "I'm running those [365–day commitments] consecutive to one

another, based upon [Garcia's] need for treatment and the offenses that have been committed, and the danger that they pose to the community."

¶ 5 Garcia's argument is similar to that of the defendant in *State v. Helms*, 2002 UT 12, 40 P.3d 626, in which the defendant "argue[d] that the trial court abused its discretion by considering only the 'gravity and circumstances' of the offense and by failing to consider his history." *Id.* ¶ 9 (affirming the trial court's determination to impose consecutive sentences). Like the defendant in *Helms*, Garcia "offers no support for his assertion that the trial court neglected to consider the factors listed in [Utah Code section 76–3–401(2)]. Instead, he contends that the trial court failed to state the extent to which it considered each of the factors in the sentencing order." *See id.* ¶ 10. However, a trial court's decision to not explicitly address each statutory factor does not automatically render the sentence imposed an abuse of discretion. "[A]s a general rule this court upholds the trial court even if it failed to make findings on the record whenever it would be reasonable to assume that the court actually made such findings." *Id.* ¶ 11 (internal quotation marks omitted). Although there are limited circumstances in which this assumption is not appropriate, "[a]bsent these circumstances, we will not assume that the trial court's silence, by itself, presupposes that the court did not consider the proper factors as required by law. To do so would trample on the deference this court usually gives to the sentencing decisions of a trial court." *Id.*

¶ 6 Here, the court was presumably aware of Garcia's age as that information is contained in the record. The record is unclear as to whether the trial court was apprised of Garcia's "apparent lack of any prior criminal history," and Garcia does not explain the equivocation in his characterization of his criminal history as "apparently lacking." Regardless of that ambiguity, we agree with the State that the sentence imposed, despite being for two consecutive one-year terms, was lenient enough to indicate that the trial court did properly consider Garcia's mitigating circumstances. *See generally Wright*, 893 P.2d at 1120–21 (stating that the trial

court abuses its discretion in sentencing when "it can be said that no reasonable [person] would take the view adopted by the trial court" (alteration in original) (internal quotation marks omitted)). As the State explained, Garcia

> drove a car while he was both drunk and under the effects of methamphetamine. He did so without insurance or a license. And as a result of his impairment, he critically injured two innocent people. In spite of the severity of his crimes, [Garcia] was allowed to plead guilty to only two class A misdemeanors, with all but 110 days of his jail sentence being suspended. Given the egregiousness of his conduct and the leniency of his sentence, [Garcia] cannot show that no reasonable person would have ordered that the suspended prison sentences run consecutively.

¶ 7 Accordingly, we conclude that the trial court did not abuse its discretion and that the sentence imposed is in accordance with our "overriding consideration ... that the sentence be just," *see State v. Wright*, 893 P.2d 1113, 1121 (Utah Ct.App.1995). Affirmed.

¶ 8 WE CONCUR: WILLIAM A. THORNE JR. and STEPHEN L. ROTH, Judges.