IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100974-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (March 29, 2012) |
| Daniel Cornell Cosby, | ) | |
| | ) | 2012 UT App 90 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 101905671
The Honorable Robert P. Faust

Attorneys:     E. Rich Hawkes, Salt Lake City, for Appellant
               Mark L. Shurtleff and Ryan D. Tenney, Salt Lake City, for Appellee

-----

Before Judges Voros, Orme, and Thorne.

ORME, Judge:

¶1     Absent illegality in connection with sentencing, we review the sentence imposed by the trial court only for abuse of discretion. *See State v. Patience*, 944 P.2d 381, 389 (Utah Ct. App. 1997). Such abuse exists "only if it can be said that no reasonable person would take the view adopted by the trial court." *State v. Garcia*, 2011 UT App 289, ¶ 2, 262 P.3d 58 (mem.) (citation, internal quotation marks, and alterations omitted).

¶2     Defendant claims that the trial court abused its discretion in sentencing him to a term of probation that included both a three-year suspended prison term and time in jail. Defendant contends that the trial court "did not adequately weigh his mitigating evidence, and especially the evidence of his relationship with his son," prompting the court to "enter[] an excessive sentence that was inherently unfair."

¶3      At the time of sentencing, the State opposed Defendant's request for probation, "not[ing] that Defendant had a long criminal history that included multiple incidents of domestic violence, and also that he had a 'terrible track record on probation.'" Adult Probation & Parole prepared a pre-sentence investigation report (PSI), which stated that "although Defendant had received probation after a previous conviction for violating a no contact order, [Defendant] repeatedly violated the terms of probation in that case." Upon Defendant's request, the PSI was amended at the time of sentencing to reflect that Defendant's prior convictions had all been misdemeanors, but even with this change Defendant fell within the "intermediate sanction" sentencing range under the sentencing guidelines.

¶4      Defendant's main argument on appeal is that the court failed to consider his motivation to comply with the terms of probation based on his interest in remaining active in his young son's life. The court considered this factor—it just did not find it dispositive. Thus, the sentence imposed by the trial court falls well within the scope of its permitted discretion.

¶5      Affirmed.


_____
Gregory K. Orme, Judge


                                                    -----


¶6      WE CONCUR:


_____
J. Frederic Voros Jr.,
Associate Presiding Judge


_____
William A. Thorne Jr., Judge